```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division
```

```
_____
                                    )
HUMBERTO SALINAS,                   )
                                    )
          Plaintiff,                )
                                    )
v.                                  )    Civil Action No.  05-1291
                                    )
RANDOLPH, BOYD, CHERRY & VAUGHAN,   )
                                    )
          Defendant.                )
_____)
```

## MEMORANDUM OPINION

This matter comes before the Court on parties' cross motions for summary judgment.  Plaintiff filed this action against Defendant on October 20, 2005, in the Circuit Court of Arlington County, Virginia.  Defendant removed the case to the Eastern District of Virginia on November 9, 2005, pursuant to 28 U.S.C. §§ 1441, 1446 (2000).  Plaintiff alleged that Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o.  This Court has jurisdiction based on 28 U.S.C. § 1331 because questions of federal law are raised.

On July 21, 1998, Plaintiff entered into a sales contract to purchase a car from Brown's Nissan Pontiac Subaru.  Primus Automotive Financial Services (Primus) provided the financing.  Defendant was retained by Primus to collect money owed on the loan after Plaintiff defaulted on it.  Defendant mailed an

initial notice to Defendant on October 22, 2003.  This notice complied with all applicable requirements under 15 U.S.C. § 1692g.  Defendant sent the initial notice via mail to Plaintiff at "6342 Bren Mar Drive, Alexandria, Virginia, 22304."  Plaintiff actually lives at "6342 Bren Mar Drive, Alexandria, Virginia, 22201."  Defendant used the incorrect zip code when sending the initial notice.

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A court must regard the evidence in the most favorable light to the nonmoving party. Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004).  Once a summary judgment motion is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003)(citation omitted).  However, "[w]hen considering each individual motion, the court must take care to resolve all factual disputes and any competing, rational

inferences in the light most favorable to the party opposing that motion." Id. There are no material facts in dispute, and this case is ripe for summary judgment.

There is no dispute that Defendant mailed a letter to Plaintiff at the beginning of any debt collection activity. There is no dispute that the letter complied with all of the statutory requirements listed in 15 U.S.C. § 1692g.  The statute only requires a debt collector to send a notice, not to ensure that a debtor receives the notice; "a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [specific requirements]." 15 U.S.C. § 1692g.  Thus, as a matter of law, Defendant complied with the FDCPA, and its motion should be granted.

An appropriate order shall issue.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 21, 2006